**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE:                                                        )
APPLICATION OF CARGILL FINANCIAL          )
SERVICES INTERNATIONAL, INC. AND          )
CFSIT, INC. FOR AN ORDER PURSUANT TO   )        Case No.   24-cv-5413
28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR )
USE IN FOREIGN PROCEEDINGS                    )

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION OF**
**CARGILL FINANCIAL SERVICES INTERNATIONAL, INC. AND CFSIT, INC. FOR**
**AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN**
**FOREIGN PROCEEDINGS**

Applicants Cargill Financial Services International, Inc. and CFSIT, Inc. (together, the

"Applicants"), by their undersigned counsel, respectfully submit this Memorandum of Law in

support of their *ex parte* Application seeking an order pursuant to 28 U.S.C. § 1782 to obtain

limited discovery from Respondent Rahal Fruits & Flavors, Inc. ("Respondent"), which resides in

this district, for use in six pending and contemplated foreign proceedings in which they are, and

will be, interested parties. The requested discovery will aid Applicant in its prosecution of and

participation in the foreign proceedings.

## I.   INTRODUCTION

The foreign proceedings are part of a cross-border multi-proceeding litigation brought by

the Applicants to recover approximately $124 million in debts owed to them by Taras

Barshchovskiy. Barshchovskiy, a Ukrainian national and Polish citizen, founded the T.B. Fruit

Group ("TBF"), a multinational conglomerate that mainly exports and sells fruit juice concentrate.

The Cargill Applicants filed a substantially similar application under Section 1782 relating to this

multi-proceeding litigation, which was granted by the Northern District of Georgia on May 22,

2024,[1] and are also simultaneously filing another application in the Central District of Illinois.

The six relevant proceedings are: (i) an active pending criminal investigation in Poland (the "Polish Criminal Proceeding"), in which the Applicants are interested parties and have participation and recovery rights, including submitting evidence and examining witnesses; (ii) foreign post-judgment proceedings in England to enforce a final English judgment recognizing a $124 million arbitration award (the "Award") issued by the London Court of International Arbitration (the "LCIA") in the Applicants' favor against Barshchovskiy and three now-defunct TBF entities (the "TBF Debtors"); (iii) foreign post-judgment proceedings in Ukraine to enforce the Award; (iv) a pending foreign proceeding in Poland to recognize and enforce the Award (with the English and Ukrainian recognition and enforcement proceedings, the "Enforcement Proceedings"); (v) a contemplated civil action including fraud and unlawful means conspiracy claims in the U.K.; and (vi) a contemplated civil action in Poland to unwind fraudulent transfers (with the contemplated U.K. proceeding, the "Contemplated Proceedings"). Declaration of Brandon O'Neil ("O'Neil Decl.") ¶¶ 48–65, 72–75, 81–87, 91–96, 111–123, 129–138.

The Applicants seek documents and testimony concerning Barshchovskiy's involvement in, and control of, TBF, such as its organizational structure, funds, assets, and commercial activity, without which, they will likely be left with no recourse. Barshchovskiy has hidden and concealed seemingly every known personal or corporate asset through various transfers, and it is highly unlikely that he will comply with any of the various judgments and proceedings brought against him. Declaration of Ivan Kyselov ("Kyselov Decl.") ¶¶ 54, 73. This evidence bears directly on the claim and issues in the six foreign proceedings. Respondent, a purchaser of juice concentrate

---

[1] A true and correct copy of that Order is attached to the Application as Exhibit C (the "Related N.D. Ga. Order").

2

from TBF and Barshchovskiy, likely possesses such information.

As set forth below, the Application meets the statutory requirements of Section 1782, and the discretionary factors articulated by the Supreme Court weigh overwhelmingly in favor of granting the Application. The Court should therefore grant the Application.

## II.  **BACKGROUND**

### A.  **The Parties**

The Applicants are U.S. entities incorporated under the laws of Delaware with principal places of business in Wayzata, Minnesota. Kyselov Decl. ¶ 6. They provide global trade finance and financing solutions to companies and banks in the commodities markets. *Id.* ¶ 7. Respondent is an Illinois corporation. *See* Declaration of Bradley S. Pensyl ("Pensyl Decl.") ¶ 5, Ex. 1. It was incorporated on November 22, 2019 and has its principal place of business and mailing address in the Northern District of Illinois, located at 2 Trans Am Plaza Dr. Ste. 165, Oakbrook, Illinois 60181. *See id.*

### B.  **Barshchovskiy's Debt, Repayment Avoidance, and the Arbitration**

As set forth in detail in the accompanying Kyselov Declaration, the Applicants lent the TBF Debtors over $100 million, which Barshchovskiy guaranteed in his personal capacity. Kyselov Decl. ¶¶ 11, 18–24. Since 2019, Barshchovskiy and his associates have taken numerous actions seemingly intended to defraud the Applicants and avoid unambiguous repayment obligations. *Id.* ¶¶ 25–73. These include bringing the TBF Debtors into bankruptcy, making false promises, lying about payments, emptying collateral directly before the Applicants could seize it, and undertaking corporate restructurings aimed at obfuscating assets. *Id.*

To recover these amounts, the Applicants commenced arbitration proceedings against Barshchovskiy and the TBF Debtors on January 18, 2021 before the LCIA (the "Arbitration").

3

O'Neil Decl. ¶ 17. The LCIA arbitral tribunal ultimately issued the Award, finding the TBF Debtors and Barshchovskiy severally liable for the aggregate unpaid debt amounting (at that time) to $124 million. *Id.* ¶ 29.

Enforcing the Award has proved challenging, as Barshchovskiy has dissipated his personal assets and corporate interests. *Id.* ¶ 43. For example, Barshchovskiy and his wife have sold or otherwise transferred every single property they owned since early 2020, when the Applicants accelerated approximately $102 million in debt. Kyselov Decl. ¶¶ 56–57.

As for his corporate interests, over this same period, Barshchovskiy went from being the sole shareholder in and ultimate beneficial owner of TBF to purportedly holding no interest in it. *Id.* ¶ 58. TBF is now beneficially-owned (on paper) by his two children, Iryna Barshchovska and Svyatoslav Barshchovskiy, each of whom have limited business experience. *Id.* ¶ 59. The Applicants understand, however, that Barshchovskiy remains firmly in control of TBF, and he continues to present himself as being intimately connected to TBF's operations. *Id.* ¶ 67.

### C. The Evidence that the Applicants Seek to Use

#### 1. TBF's Current Commercial Activity and Trading Patterns

The Applicants understand that, as a large U.S. purchaser and consignee of TBF exports, Respondent plays a key role in TBF's growing U.S. trading operations. *Id.* ¶ 76. Respondent likely possesses evidence demonstrating TBF's organizational structure, operations, and activity, including that Barshchovskiy remains closely involved with TBF and its related entities. *Id.* ¶ 78.

#### 2. The Polish Criminal Proceeding

The Applicants are interested parties in the active Polish Criminal Proceeding, in which, on March 1, 2023, Polish prosecutors filed a decision to present criminal charges against Barshchovskiy for arranging an organized criminal group and committing large-scale frauds, based

4

in part on efforts to defraud the Applicants.  O'Neil Decl. ¶ 61.

The investigation was first initiated on November 30, 2021 by the District Prosecutor's Office in Krasnik, Poland, and considered, *inter alia*, crime notifications submitted by the Applicants concerning Barshchovskiy's misleading and criminal efforts to defraud them of millions of dollars.  O'Neil Decl. ¶ 49.  The Polish prosecutors formally named the Applicants as injured parties, confirming their status as parties to the investigation.  *Id.* ¶ 54.

The evidence sought in the Proposed Subpoenas, including TBF's organizational structure and control, its funds and assets (including their dissipation), and its commercial activities in Poland, goes to the heart of the issues in the Polish Criminal Proceeding.  It will also provide critical information about TBF's and/or Barshchovskiy's assets and other financial matters for purposes of the Applicants' post-judgment recovery in the Polish Criminal Proceeding.

### 3.  Enforcement Proceedings in England, Ukraine, and Poland

#### i.  Enforcement Proceeding in England

On November 22, 2023, the Applicants brought an action to recognize the Award in the English High Court of Justice, Business and Property Courts of England & Wales, Commercial Court (KBD) (the "English Enforcement Proceeding").  *Id.* ¶ 72.  On January 29, 2024, the court issued a judgment in the Applicants' favor (the "English Judgment") and recognized the Award. *Id.* ¶ 73.  The English Judgment is captioned *Cargill Fin. Sers. Int'l, Inc. and CFSIT, Inc. v. Taras Barshchovskiy et al.*, Claim No. 2023-000822.

The English Judgment became final, conclusive, and enforceable against Barshchovskiy on February 20, 2024 in the amount of $123,940,459.55, exclusive of interest accruing.  *Id.* ¶ 74. The Applicants are seeking to satisfy the judgment through post-judgment recovery against Barshchovskiy's English assets, to the extent any can be located.  *Id.* ¶ 75.

5

### ii.  Enforcement Proceeding in Ukraine

The Applicants initiated an action to recognize and enforce the Award against Barshchovskiy in Ukraine on September 8, 2023 (the "Ukrainian Enforcement Proceeding").  *Id.* ¶ 81.  The reference number is 824/131/23.  *Id.* ¶ 82.  On February 19, 2024, the Kyiv Court of Appeals granted the Applicants' recognition motion.  *Id.* ¶ 83.  Barshchovskiy appealed to the Supreme Court on March 25, 2024, and the Applicants filed their response on April 12, 2024.  *Id.* ¶¶ 84–85.  The Supreme Court rejected Barshchovskiy's appeal following a hearing on May 2, 2024.  *Id.* ¶ 86.  As a result, the Award is enforceable against Barshchovskiy in Ukraine, and the Applicants are seeking to satisfy the judgment through post-judgment recovery against Barshchovskiy's Ukrainian assets, to the extent any can be located.  *Id.* ¶ 87.

### iii.  Enforcement Proceeding in Poland

The Applicants have also filed a motion on November 8, 2023 before the Lublin Court of Appeals in Poland to recognize the Award against Barshchovskiy and two of the TBF debtors that are Polish (the "Polish Enforcement Proceeding").  *Id.* ¶ 92.  The reference number is I ACo 62/23.  *Id.*  The Lublin Court of Appeals held a hearing on April 10, 2024 with respect to objections filed by TBF Polska 1, and TBF Polska 1 submitted a reply dated May 8, 2024.  *Id.* ¶ 95.  If the Court grants the Applicants' recognition motion, the Applicants will seek to satisfy the judgment through post-judgment recovery against Barshchovskiy's Polish assets, to the extent any can be located.  *Id.* ¶ 96.

### 4.  Contemplated Proceedings in the United Kingdom and Poland

The Contemplated Proceedings concern Barshchovskiy's, along with TBF's and other associates' and/or co-conspirators' numerous efforts to hide, conceal, and obfuscate his assets to avoid repaying the Applicants.  *Id.* ¶ 105.  To bring them, the Applicants must first determine

6

where Barshchovskiy operates and what he owns, in order to understand where he undertook his various avoidance actions, which include the U.K. and Poland. *Id.* ¶ 106.

The Applicants have been investigating these matters extensively and have retained counsel in several jurisdictions for assistance. *Id.* ¶ 107.

### i. Contemplated Claims in the U.K.

The Applicants are developing one or more civil claims against Barshchovskiy and others in the English High Court, based on Barshchovskiy's efforts over several years to avoid creditors' enforcement attempts, in at least two ways. First, Barshchovskiy has embarked on a corporate restructuring of TBF—without notice to or consent from the Applicants (as required)—to ostensibly distance himself from ownership and control of TBF (the "Restructuring"). *Id.* ¶ 112. Second, Barshchovskiy has transferred money out of TBF and especially from companies that are direct debtors of the Applicants (the "Transfers"). *Id.* These steps represent a willful evasion of Barshchovskiy's debts and give rise to potential English law claims against him and others. *Id.*

To that end, the Applicants presently believe that the following English law claims exist against Barshchovskiy and others in England, and elsewhere, either individually or in combination, arising out of or in connection with the Restructuring, the Transfers and/or Barshchovskiy's wider scheme of dissipating assets beyond the Applicants' reach: (i) transactions defrauding creditors under Section 423 of the Insolvency Act 1986; and (ii) the tort of unlawful means conspiracy (together, the "Contemplated English Claims"). *Id.* ¶ 113.

England is the proper place to bring any claims arising out of the Restructuring and Transfers. *Id.* ¶ 121. These claims relate to deliberate actions taken for the purpose of frustrating a London-seated LCIA Award, which itself relates to English law financing agreements. *Id.* The Award has also since been converted into an English judgment, which allows the Applicants to

enforce it against assets in England (to the extent there are any). *Id.*

The Applicants are also actively reviewing additional possible causes of action in England. *Id.* ¶ 123. Evidence obtained through the Proposed Subpoenas may therefore satisfy additional ingredients of existing or future actionable tortious claims. *Id.*

### ii. Contemplated Claims in Poland

The Applicants are also developing one or more civil claims in Poland (the "Contemplated Polish Claims"). *Id.* ¶ 129. These claims seek to unwind several asset transfers that the Applicants believe were deliberately made to avoid the reach of creditors, such as the Applicants. *Id.* Under Title X of the Polish Civil Code, if a third party gains a material benefit due to a debtor's transfer of assets, any of the debtor's creditors that suffer harm may bring a claim to unwind the transfer called an Actio Pauliana ("Paulian Action"). *Id.* ¶¶ 130–131.

The Applicants are focusing on two potential Paulian Actions. The first is against Brzoskon sp. z o.o., a Polish entity in which Barshchovskiy was (and likely still is) the sole shareholder, and which received approximately $18 million from him around 2019. *Id.* ¶ 134. The Applicants believe that this transfer was a deliberate action taken to their detriment and violated provisions in the underlying debt documents. *Id.* The second is against Ukrainian TBF entities that may have received machinery, industrial vehicles, and inventory from the Polish TBF Debtors. *Id.* ¶ 137. The inventory in question was pledged as collateral to the Applicants and should therefore have been used to repay the debts owed to the Applicants. *Id.* ¶ 138.

Polish courts would likely have jurisdiction over the Contemplated Polish Claims because the underlying conduct is sufficiently linked to Poland and/or the assets are sufficiently located within Poland. *Id.* ¶ 132. There is no other means absent this Application for the Applicants to obtain the evidence sought by the Proposed Subpoenas in Respondent's possession. *Id.* ¶ 139.

8

The Polish Court would not have jurisdiction over Respondent.  *Id.*

## III.   <u>ARGUMENT</u>

Section 1782 allows "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . .  upon the application of any interested person . . . ." 28 U.S.C. § 1782(a).  A successful § 1782 applicant must satisfy a two-part inquiry. *In re Abubakar*, --- F. Supp. 3d ---, No. 23 CV 05099, 2023 WL 6392307, at *10 (N.D. Ill. Sept. 30, 2023) ("Abubakar I").   First, the applicant must satisfy § 1782's threshold statutory requirements.  *See Abubakar I*, 2023 WL 6392307, at *10.  Second, an applicant must then show that several discretionary factors weigh in favor of the court exercising its discretion to grant the application.  *Id.*  The Applicants satisfy the statutory threshold requirements, and the discretionary factors weigh in favor of granting the Application.[2]

### A.  **The Application Satisfies the Statutory Prerequisites of 28 U.S.C. § 1782.**

A district court is authorized to grant an application under § 1782 where applicants meet three threshold requirements: (i) the "person or entity from whom the discovery is sought must reside or be found in the district of the court to which the application is made;" (ii) the evidence must be "for use" in a proceeding before a foreign tribunal; and (iii) the request must be made by "a foreign or international tribunal," or by "an interested person." *Abubakar I*, 2023 WL6392307, at *7; *Fleischman v. McDonald's Corp.*, 466 F. Supp. 2d 1020, 1030 (N.D. Ill. 2006).   The Applicants satisfy each requirement.

---

[2]     Orders pursuant to 28 U.S.C. § 1782 are commonly granted *ex parte*.  *See, e.g.*, *In re Bayerische Motoren Werke AG*, No. 22 C 2103, 2022 WL 1422758, at *1 (N.D. Ill. May 5, 2022); *In re King*, No. 21 CV 919, 2021 WL 722850, at *1 (N.D. Ill. Feb, 24, 2021).

9

First, Respondent "resides" or is "found" in the Northern District of Illinois. An entity "resides" or is "found" in a district when it maintains its headquarters within the district. *See Abubakar I*, 2023 WL 6392307, at *8. Respondent's principal place of business is located at 2 Trans Am Plaza Dr. Ste. 165, Oakbrook, Illinois 60181, which is within this District. O'Neil Decl. ¶¶ 78, 101, 126.

Second, the Applicants seek the requested evidence "for use in a proceeding in a foreign or international tribunal." The six proceedings at issue all meet this requirement.

The Polish Criminal Proceeding constitutes a "proceeding in a foreign or international tribunal" because § 1782 can be used in criminal investigations conducted before formal accusation, even though such investigations are not adjudicative proceedings. *See Intel Corp. v. Adv. Micro Devices, Inc.*, 542 U.S. 241, 243 (2004) (European Communities' investigation launched by applicant's complaint qualified for § 1782 assistance); *In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, 773 F.3d 456, 462 (2d Cir. 2014) (concluding that § 1782 discovery applies to foreign criminal investigations); *Clerici*, 481 F.3d 1324, 1333 (11th Cir. 2007) (similar"); *cf. Nowaczyk v. Matingas*, 146 F.R.D. 169, 178 (N.D. Ill. 1993) (finding that Polish prosecutors may obtain § 1782 discovery in connection with a criminal investigation).

Polish prosecutors conducting criminal investigations have "adjudicative powers" within the meaning of § 1782 because they are impartial and objectively evaluate all incriminating and exculpatory circumstances. O'Neil Decl. ¶ 50; *cf. Nowaczyk*, 146 F.R.D. at 178.

The evidence sought could be used in the Polish Criminal Proceeding to (i) establish that Barshchovskiy remains in control of TBF, as his efforts to defraud the Applicants via subversive shifting of assets and control is at the heart of the proceeding, and (ii) assist with the potential

10

recovery of funds, as evidence from U.S. customers like Respondent regarding apple juice concentrate shipments transported by TBF would be useful to understanding the flow of Barshchovskiy's and TBF's assets. O'Neil Decl. ¶ 63; *see In re Clerici*, 481 F.3d at 1332 (affirming the decision to grant a Section 1782 application seeking information regarding assets and property transfers for use in Panamanian post-judgment proceedings).

The three Enforcement Proceedings also satisfy Section 1782's "for use" in a "proceeding in a foreign or international tribunal" requirement. It is well established that post-judgment recovery is a sufficient basis for Section 1782 discovery. *See Clerici*, 481 F.3d at 1332–33 (granting Section 1782 discovery regarding information about assets and property transfers for use in Panamanian post-judgment proceedings); *Fed. Republic of Nigeria v. VR Advisory Servs. Ltd.*, 27 F.4th 136, 158 (2d Cir. 2022) (similar); *Related N.D. Ga. Order* (similar). This includes prospective post-judgment recovery, as "the scope of Section 1782 discovery is not strictly limited to the current posture of the foreign proceeding." *Rothe v. Aballi*, No. 20-12543, 2021 WL 4429814, at *2 (11th Cir. Sept. 27, 2021) (affirming grant of §1782 discovery pending appeal).

Like with the Polish Criminal Proceeding, and in light of Barshchovskiy's continued concealment and obfuscation efforts, evidence connecting Barshchovskiy to TBF, identifying Barshchovskiy and TBF's assets, identifying funds intended for Barshchovskiy and TBF, and relating to TBF's operations and structure is crucial for the Applicants' ability to gain post-judgment recovery. O'Neil Decl. ¶ 71.

Finally, the two Contemplated Proceedings also satisfy Section 1782's requirement that the evidence sought be used in a foreign proceeding. It is well-established that a proceeding need only be "within reasonable contemplation" and not "imminent" or "pending" in order to meet the third statutory element. *See Intel*, 542 U.S. at 254–259.

11

The Applicants have invested significant resources over the past three years investigating Barshchovskiy's potential liability in transferring assets and evading creditors to assist with the Contemplated Proceedings. O'Neil Decl. ¶¶ 105–108. They have retained Allen Overy Shearman Sterling US LLP and its affiliates ("A&O Shearman," f/k/a Allen & Overy LLP) as global counsel to represent them in the dispute with Barshchovskiy. A&O Shearman has conducted legal research, drafted certain filings, and advised the Applicants about the types of claims they can bring in the U.K. and Poland. *Id.* ¶ 107. The Applicants have also conducted trade data analysis and compiled breakdowns of shipping relationships between TBF and its purchasers. *Id.* ¶ 108.

These steps demonstrate their genuine intention to initiate the Contemplated Proceedings, and the information sought by the Proposed Subpoenas will help them proceed. *See King*, 2021 WL 722850, at *1 (N.D. Ill. Feb. 24, 2021) (planned proceedings in the U.K. were "within reasonable contemplation" where applicants anticipated initiating a proceeding as claimants in the High Court of England and Wales to redress alleged losses suffered as a result of a fraudulent Forex trading scheme); *In re IKB Deatsche Industriebank AG*, 2010 WL 1526070, at *4 (N.D. Ill. Apr. 8, 2010) ("District courts routinely allow applicants to obtain third-party Section 1782 discovery related to litigation pending in the United Kingdom.").

The evidence sought here goes directly to the two key issues at the core of the Contemplated English Claims: (i) TBF's corporate restructurings, and (ii) the transfer of assets out of TBF and the TBF Debtors. O'Neil Decl. ¶ 112. And it bears directly on the Contemplated Polish Claims, which would concern a request to unwind transfers. *Id.* ¶ 129.

Third, the Application satisfies § 1782's requirement that the discovery request must be made by an "interested person." 28 U.S.C. § 1782(a).

The Applicants are interested parties in the Polish Criminal Proceeding because they have

12

"participation rights," satisfying the U.S. Supreme Court's broad construction of the term. *See Intel*, 542 U.S. at 256 (complainant who triggered a European Commission investigation and had right to submit evidence in that investigation was an "interested person"). These include the right to: (i) review the criminal file; (ii) receive copies of the prosecutors' decisions; (iii) be informed of the investigation's process; (iv) submit evidence, including documents and requests to examine witnesses; and (v) participate in certain procedural acts, such as examining certain witnesses. O'Neil Decl. ¶ 58. They also have the right to receive damages following a conviction. *Id.*

The Applicants are also "interested person[s]" with respect to the Enforcement Proceedings and the Contemplated Proceedings because they are, or will be, plaintiffs in those actions. *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782 . . .").

## B. The Discretionary Factors Weigh in Favor of Granting the Application

Once an application satisfies the statutory requirements, a court may consider additional factors, as identified in *Intel*, 542 U.S. at 264, to decide whether to exercise its discretion in granting a § 1782 application. *Abubakar I*, 2023 WL 6392307, at *10. The Supreme Court has instructed district courts to account for the "twin aims" of the statute—"providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts"—in determining the merits of § 1782 applications. *Intel*, 542 U.S. at 252 (citation omitted).

The *Intel* factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of . . . the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to

13

circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264−65. As set forth below, these factors weigh heavily in favor of granting the requested discovery.

First, Respondent is not a party to the Polish Criminal Proceeding or the Enforcement Proceedings, and will not be a party to the Contemplated Proceedings. O'Neil Decl. ¶¶ 67, 76, 139. Since "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach," as Respondent is here, its "evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. As such, the first factor weighs in favor of granting this Application. *See, e.g.*, *King*, 2021 WL 722850, at *2 (concluding the first factor weighed in favor of granting the § 1782 application where respondents were not parties to the relevant foreign proceeding); *McDonald's*, 466 F. Supp. 2d at 1031 (same).

Second, the U.K., Ukraine, and Poland's likely receptivity to the evidence sought weighs in favor of granting this Application. O'Neil Decl. ¶¶ 68–69, 79–80, 89–90, 103–104, 127–128, 140. The second factor weighs "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government [to the § 1782 evidence]." *Intel*, 542 U.S. at 264. It weighs in favor of granting an application absent authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782. *See id.; see also In re Abubakar*, No. 23 C 5099, 2023 W.L. 6126770, at *9–10 (N.D. Ill. Sept. 19, 2023) ("The Court does not know whether the Supreme Court of Nigeria will be receptive to that evidence, but that is not determinative") ("Abubakar II"). Here, too, there is no such proof.

In fact, "there is ample evidence that courts in the United Kingdom are receptive to Section 1782 discovery," so this factor is especially favorable as it relates to the contemplated civil action in the U.K. *See In re Tel. Media Grp. Ltd.*, No. 23-MC-215 (JGLC), 2023 WL 5770115, at *8

14

(S.D.N.Y. Sept. 6, 2023) (noting that "courts in the United Kingdom . . . are [] receptive to Section 1782 discovery") (citation omitted); *see also King*, 2021 WL 722850, at *2 (same); *see also In re IKB Deutsche Industriebank AG*, 2010 WL 1526070, at *4 (similar).

Moreover, the Court may grant a § 1782 request even if the specific foreign tribunal would not order similar discovery or ultimately decides not to accept the specific discovery. *See Intel*, 542 U.S. at 265; *Abubakar II*, 2023 WL 6126770, at *5 (noting that although the Seventh Circuit has not addressed this issue, district courts in this jurisdiction have concluded that whether the evidence sought is admissible in evidence in the foreign proceeding should not be considered in determining whether to grant the application).

Third, the Application is not an attempt to circumvent proof-gathering restrictions. Courts are encouraged to grant Section 1782 discovery requests absent a persuasive showing that an applicant is seeking to circumvent the foreign tribunal's discovery methods and restrictions. *See Abubakar II*, 2023 WL 6126770, at *5. There are no proof-gathering restrictions in the U.K., Ukraine, or Poland preventing the use of documents from third parties. O'Neil Decl. ¶¶ 68, 79, 89, 103, 127, 140.

Fourth, the discovery sought is targeted, narrowly tailored from the time of the first relevant agreement, proportional, and not unduly burdensome. The Proposed Subpoenas contain only nine document requests and eight topics for deposition testimony, each of which seeks evidence that goes to the heart of the claims, defenses, and counterclaims at issue in the relevant foreign proceedings. The requests concern: (i) the organizational structure, ownership, and control of TBF; (ii) payments intended for TBF and/or Barshchovskiy; (iii) details of imports, exports, and sales of apple juice concentrate and related products by TBF; (iv) funds and/or assets controlled by TBF and/or Barshchovskiy; and (v) TBF's operations in Ukraine, Poland, and the U.K. The

15

requested evidence fits definitively within the scope of discovery permitted by the Federal Rules of Civil Procedure. *See IKB Deutsche Industriebank AG*, 2010 WL 1526070, at *6.

Finally, granting the relief requested through this *ex parte* Application is not unfair to Respondent. It will remain able to avail itself of available rights under Fed. R. Civ. P. 45(c), and rules applicable to discovery generally (including rules available to protect any information that is proprietary or privileged). *See In re Application of Bayer Healthcare LLC*, No. 14 CV 3918, 2014 WL 2801206, at *2 (N.D. Ill. June 19, 2014) (party against whom discovery under Section 1782 is sought is not prejudiced, as it can seek limitations under Federal Rule of Civil Procedure 45).

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should grant this Application and enter an order, pursuant to 28 U.S.C. § 1782, granting leave to issue and serve on Respondent the Proposed Subpoenas annexed to the Application as Exhibits A and B.

Dated: June 27, 2024           Respectfully submitted,

<u>/s/ Shari L. Friedman</u>
Shari L. Friedman (6193095)
Kenderick M. Jordan (6332871)
MARWEDEL, MINICHELLO & REEB, P.C.
303 W. Madison Street, Suite 1100
Chicago, IL 60606
Tel: (312) 902-1600
Fax: (312) 902-9900
sfriedman@mmr-law.com
kjordan@mmr-law.com

ALLEN OVERY SHEARMAN STERLING US LLP
Bradley S. Pensyl (*pro hac vice* forthcoming)
Gideon J. Duke-Cohan (*pro hac vice* forthcoming)
Lauren M. Kostman (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, NY 10020

16

Tel: (212) 610-6300
Fax: (212) 610-6399
bradley.pensyl@aoshearman.com
gideon.duke-cohan@aoshearman.com
lauren.kostman@aoshearman.com

*Attorneys for Applicants Cargill Financial Services*
*International, Inc. and CFSIT, Inc.*